UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin F. Johnson, Sr.,                                  Case No. 1:20-cv-01449

       Petitioner

v.                                                                        ORDER

Warden Keith Foley,

       Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Marvin Johnson, Sr. filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the Grafton Correctional Institution, serving a six-year sentence imposed by the Cuyahoga County Court of Common Pleas, Case No. CR-15-594187, for drug trafficking and possession of criminal tools. In his Petition, he contends he was denied due process at his resentencing hearing in January 2019 because he was not present. This is Petitioner's second Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 challenging his conviction and his sentence imposed in January 2019. For the reasons set forth below, this action is transferred to the United States Sixth Circuit Court of Appeals for permission to proceed with a successive Petition.

In March 2015, a Cuyahoga County grand jury indicted Petitioner on one count of drug trafficking, two counts of drug possession, and one count of possession of criminal tools. *See Johnson v. Eppinger*, No. 1:19 CV 984 (N.D. Ohio filed May 2, 2019). Both counts carried forfeiture specifications. *See id.* Petitioner entered a not guilty plea. He filed a Motion to Suppress Evidence seized from his residence. The trial court held a hearing and denied Petitioner's Motion. In December 2015, Petitioner withdrew his plea of not guilty and entered a no contest plea to one count of drug trafficking, one count of drug possession, and one count of possessing criminal tools. (Ex. 6, Doc. 7-1, at 38). The trial court found him guilty and in May 2016, sentenced him to an aggregate sentence of six years imprisonment and five years of post-release control.

The court stayed execution of the sentence pending Petitioner undergoing a surgical procedure and noted that Petitioner would have to appear to begin serving his sentence no later than August 1, 2016, at 9:00 a.m., or the sentence would be vacated, and a new sentence would be imposed. Petitioner failed to appear on the designated date and time, and a capias was issued for his arrest. The trial court sentenced him in February 2017 to aggregate sentence of eight years imprisonment.

Petitioner filed a timely notice of appeal to the Eighth District Court of Appeals raising four assignments of error, including an objection to his increased sentence. The appellate court sustained his sentencing error argument, finding the trial court lacked jurisdiction to modify the original six-year sentence to the subsequent eight-year sentence, and determined the original sentence was still in effect. The court remanded the case for the limited purpose of executing the original sentence. *Id.*

The trial court held a resentencing hearing on March 29, 2018 and sentenced Petitioner to the original aggregate sentence of six years. Petitioner filed a timely *pro se* appeal and raised four assignments of error:

1. Appellant's plea of no contest was not entered knowing, intelligent, and voluntary due to (a) breach of plea bargain[,] (b) judicial participation in the plea discussion and process[,] (c) denial of the effective assistance of trial counsels. [sic]

2. The trial court erred when it imposed a 6-year prison sentence on the appellant that was based upon vindictiveness.

3. The trial court abused it[]s discretion by denying as moot[] appellant's motion to withdraw "no contest" plea: to correct manifest injustice pursuant to Crim. R. 32.1.

On February 21, 2019, the appellate court again remanded Petitioner's case, stating that the trial court never considered his motion to withdraw his no contest plea. *State v. Johnson*, 2019 WL 856535 (Ohio Ct. App) ("*Johnson IV*"). It otherwise affirmed the trial court's judgment. *Id* Following this remand from the appellate court, on August 8, 2019, the trial court held a hearing on Petitioner's motion and denied it. The appellate court affirmed that decision in July 2020.

On May 2, 2019, Petitioner filed his first habeas petition pursuant to 28 U.S.C. § 2254 asserting eight grounds for relief including claims for violations of his Fourth Amendment rights, denial of effective assistance of counsel, prosecutorial misconduct, failure to consider medical evidence before issuing a capias for failure to appear, denial of his post-conviction petition, and denial of equal protection in the failure to grant reopening of his appeal. On June 1, 2020, Magistrate Judge James Knepp, II issued a Report and Recommendation recommending that the Petition be dismissed as the grounds were either not cognizable in habeas, procedurally defaulted or without merit. Petitioner filed objections to the Report and Recommendation. I have not yet ruled on his objections.

Petitioner has now filed a second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to challenge his resentencing in 2019. He asserts one ground for relief stating that he was

denied due process at that resentencing because he was not present for clarification or modification purposes. He seeks relief from that sentence.

## SUCCESSIVE PETITIONS

Before a second or successive Petition for a Writ of Habeas Corpus can be filed in the District Court, the Petitioner must move in the appropriate Circuit Court of Appeals for an Order authorizing the District Court to consider the Application. 28 U.S.C. § 2244(b)(3)(A). The District Court does not have jurisdiction to entertain a successive Petition for a Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive Petition is filed without § 2244(b)(3) authorization, I must transfer the Petition to the Sixth Circuit Court of Appeals. *Id.* That being the case, I am without jurisdiction to entertain this Petition if it is successive, unless authorized to do so by the Court of Appeals for the Sixth Circuit.

To be "successive" within the meaning of the statute, the subsequent Petition must relate to the same conviction or sentence under attack in the prior Petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). Not all subsequent Petitions relating to the same conviction or sentence, however, are considered successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998). A later Petition is not successive where the first Petition was dismissed as premature, *see Id.*; the first Petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); the second Petition was filed after a remedial appeal ordered in response to the prior Petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first Petition was dismissed because Petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart*, 523 U.S. at 645. In all of those contexts, the District Court had jurisdiction to consider the subsequent Petitions without

first obtaining authorization from the Court of Appeals, because the prior dispositions were not "on the merits." *See Slack*, 529 U.S. at 485-86.

Conversely, when a prior Petition is dismissed "on the merits," the prisoner must obtain authorization from the Court of Appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). These include second Petitions filed after the Petitioner's first Petition was dismissed on grounds of procedural default, or on the grounds that it was barred by the statute of limitations. *See Id.*, *Staffney v. Booker*, No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009).

## DISCUSSION

This is Petitioner's second Petition for a Writ of Habeas Corpus under § 2254 challenging his sentence imposed at his resentencing hearing in 2019. Although his first Petition is still pending before me, the Magistrate Judge issued his Report and Recommendation advising that the Petition should be dismissed on the merits. Petitioner has now filed a second Petition claiming that his resentencing denied him due process because he was not present for it. That claim could and should have been asserted in his first Petition. Consequently, this Petition is successive. I lack jurisdiction to entertain this Petition without permission to proceed from the Sixth Circuit Court of Appeals.

## CONCLUSION

Accordingly, this Petition is transferred to the United States Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge